UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELSA CASTRO and NICK TOSTO,

    Plaintiffs,

v.                                                                CASE No. 8:16-cv-889-T-17TGW

CAPITAL ONE SERVICES, LLC,
a foreign limited liability company,
*et al.*,

    Defendants.

_____

## REPORT AND RECOMMENDATION

After a default was entered against the defendant, Evans Law Associates, P.C., the defendant was found liable for a breach of a settlement agreement with the plaintiffs (Docs. 20, 42).[1] Consequently, a final judgment was entered in favor of the plaintiffs and against the defendant (Doc. 44). The court retained jurisdiction over motions for attorneys' fees and costs (see id.). Thereafter, the plaintiffs filed a Motion to Tax Attorneys' Fees and Costs and Incorporated Memorandum of Law (Doc. 45). The motion was referred to me.

_____

[1] The plaintiffs also sought enforcement of the settlement agreement against Jason J. Evans (Doc. 41). However, the court determined that it did not have personal jurisdiction over non-party guarantor, Jason J. Evans (Doc. 42, p. 3).

Having considered the materials submitted and the governing legal standards, I recommend that the plaintiffs be awarded $3,728.00 in attorneys' fees and $38.78 in costs.

I.

The plaintiffs, Elsa Castro and Nick Tosto, sued the defendant, Evans Law Associates, P.C. ("Evans"), and other defendants, asserting various claims including the claims that the defendants violated the Florida Consumer Collection Practices Act, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) (Doc. 1). The basis for the law suit was that the defendants without the plaintiffs' consent on various occasions, called the plaintiffs' cellular phones in an attempt to collect a debt from plaintiff Castro by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial pre-recorded voice (id.).

Although service was executed on the defendant, it did not answer the complaint. Consequently, on June 23, 2016, the clerk entered a default against the defendant (Doc. 20). Thereafter, in October 2016, the plaintiffs and defendant Evans entered into a settlement agreement (see Doc.

33). Subsequently, on May 23, 2017, the plaintiffs filed a Motion to Enforce Settlement Agreement (Doc. 41) due to the defendant's default by not abiding by the terms of the agreement.

According to the agreement, the defendant was to pay the plaintiffs $20,000, in monthly installments of $2,000 beginning on September 5, 2016 (Doc. 41-1, p. 3, ¶2). The agreement provides that in the event that the defendant defaults and does not cure the default, the plaintiffs could seek judgment against the defendant for $30,000 (id., p. 4, ¶4). The agreement also provides (id., p. 6, ¶15):

> In the event of a breach of the provisions of this Agreement, in addition to any other available remedies, the prevailing party shall be entitled to recover from the other party all reasonable attorneys' fees and costs incurred as a result of the breach.

As indicated, after the defendant defaulted in its payments and did not cure the default, the plaintiffs filed a Motion to Enforce Settlement Agreement (Doc. 41). On June 8, 2017, an order was entered granting the plaintiffs' motion to enforce the settlement agreement with respect to defendant Evans (Doc. 42). Consequently, a final judgment was entered against the

defendant in the amount of $30,000 with the court reserving jurisdiction over the matter of attorneys' fees and costs (Doc. 44).

The plaintiffs then timely filed this motion for attorneys' fees and costs (Doc. 45). The plaintiffs seek an award of $3,728.00 for attorneys' fees, and costs totaling $38.78 (Doc. 45). The motion is supported by the attorneys' time records and an affidavit of counsel (see Exs. to Doc. 45). As indicated, the motion was referred to me. The defendant, who was served with this motion (see Doc. 45, p. 7), has not filed a response.

II.

Plaintiffs' counsel seeks an award of attorneys' fees and costs pursuant to the settlement agreement (Doc. 41-1), which contains a provision that in the event of a breach of the agreement, the prevailing party would be entitled to reasonable attorneys' fees and court costs. Based on the judgment entered in the plaintiffs' favor (Doc. 44), they are successful plaintiffs who are entitled to reasonable attorneys' fees and costs under the settlement agreement. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001). Thus, the only question addressed here is the amount of those fees and costs.

"Principles governing Florida contract law apply to the interpretation and enforcement of settlement agreements." Conte v. Winn Dixie Stores, Inc., 2014 WL 4693072 at *2 (N.D. Fla. 2014); see Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000). Here, the settlement agreement provides that Florida law shall govern. Thus, it states (Doc. 41-1, p. 6, ¶16):

> It is understood and agreed that this Agreement shall be governed by, construed and enforced in accordance with and subject to the laws of the State of Florida.

As indicated, the agreement also provides that the prevailing party would be entitled to reasonable attorneys' fees and costs. There is no question that the plaintiffs are prevailing parties in the case. Consequently, the plaintiffs seek recovery of their attorneys' fees and costs.

As the plaintiffs state, the federal lodestar approach is recognized as the foundation for setting reasonable fee awards (see Doc. 45, pp. 5-6). Florida courts have adopted the federal lodestar approach in determining a reasonable attorney's fee. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150-1152 (Fla. 1985). This method requires the court to determine a "lodestar figure" by multiplying a reasonable hourly rate for the

services of the prevailing party's attorney by the number of hours reasonably expended on the litigation. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303. Once the lodestar is determined, the court must consider whether an adjustment of the lodestar for the results obtained is appropriate. Florida Patient's Compensation Fund v. Rowe, supra, 472 So.2d at 1151.

The plaintiffs argue that the court should award them attorneys' fees of $3,728.00 (Doc. 45, p. 6).

## A. HOURLY RATES

Federal courts must determine a reasonable hourly rate for the services of the prevailing party's attorney. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299. The fee applicant bears the burden of "supplying the court with specific and

detailed evidence from which the court can determine the reasonable hourly rate." Id. at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place." Id. at 1301. Furthermore, "[t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

The plaintiffs were represented in this matter by attorney Aaron M. Swift and other attorneys from the law firm of Leavengood, Dauval, Boyle & Meyer, P.A. (Doc. 45-1, p. 2). Attorney Swift was counsel that was primarily responsible for the case (id., p. 2). Swift requests fees based on hourly rates ranging from $100 to $300 (see id., pp. 8-17).

Considering my knowledge of prevailing market rates in Tampa and the specifics of this case, including the defendant's lack of opposition, a reasonable hourly rate for this case ranges from $100 to $300. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (the court is itself an expert). Indeed, taking into consideration the small

-7-

number of hours expended on this matter and the lack of opposition, the requested rates are clearly reasonable. Accordingly, I recommend that counsel be awarded hourly rates ranging from $100 to $300.

### B. REASONABLENESS OF THE NUMBER OF HOURS EXPENDED

The second half of the lodestar equation requires the court to calculate the number of hours reasonably expended on the litigation. Thus, "[e]ven when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., 373 Fed. Appx. 907, 911 (11th Cir. 2010).

It is the fee applicant's burden to document adequately the hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this regard, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. Furthermore, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount

claimed." Id. at 1301. In other words, fee applicants must use billing judgment. Id.

The plaintiffs' motion seeks compensation for 17.4 hours of legal work performed by the law firm (Doc. 45-1). This time was spent on all facets of the litigation, including drafting pleadings and motions, communicating with the client, and post-judgment proceedings.

Counsel has submitted in support of this request their contemporaneously-recorded billing records (id.). Further, attorney Swift has averred that the time entries are "a true and correct narrative listing of the services performed and pro-rata time expended on th[e] matter" (id., p. 4, ¶16). Significantly, the defendant has not challenged the modest hours billed by plaintiffs' counsel.

Moreover, a review of those time records does not reveal any obviously excessive or unreasonable time entries. In particular, it is noted that under Florida law, time spent seeking entitlement to fees is compensable, but litigating the amount of fees is not recoverable. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla. 1993); In re Claudia Acosta-Garriga, 2014 WL 7404122 *2 (M.D. Fla. 2014). This is a non-issue as counsel did

not spend any time litigating the amount of fees to be awarded as the motion for fees is uncontested.

I therefore recommend that the plaintiffs be compensated for 17.4 hours of legal work. In sum, the recommended hourly rates multiplied by the compensable number of hours results in the following lodestar amount of $3,728.00.

After the lodestar is determined, the court must consider the necessity of an adjustment for results obtained. However, as reiterated by the U.S. Supreme Court in <u>Perdue</u> v. <u>Kenny A. ex rel. Winn</u>, 559 U.S. 542, 552 (2010), there is a "strong" presumption that the lodestar reflects a reasonable fee. Furthermore, that presumption is unchallenged here. Accordingly, I recommend that the plaintiffs be awarded attorneys' fees of $3,728.00.

III.

Finally, the plaintiffs' law firm presented evidence that it incurred $38.78 in costs (Doc. 45-1, p. 17). Counsel submitted evidence of those costs (<u>see id</u>.).

These costs are recoverable. See <u>Larsen</u> v. <u>JBC Legal Group, P.C.</u>, 588 F.Supp.2d 360, 365 (E.D.N.Y. 2008)(costs awardable to a successful

FDCPA plaintiff include filing fees, process servers, and postage); see also 28 U.S.C. 1920. Further, the defendant has not challenged any of the listed expenses as non-compensable. Therefore, the plaintiffs are properly reimbursed those costs. Accordingly, I recommend that the plaintiffs be awarded costs of $38.78.

IV.

For the foregoing reasons, I recommend that the Plaintiffs' Motion to Tax Attorneys' Fees and Costs and Incorporated Memorandum of Law (Doc. 45) be granted and that the plaintiffs be awarded $3,728.00 in attorneys' fees, and $38.78 in costs.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 29, 2017

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.