UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELSA CASTRO and NICK TOSTO,

Plaintiffs,

v.  CASE No. 8:16-cv-889-T-17TGW

CAPITAL ONE SERVICES, LLC,
a foreign limited liability company,
et al.,

Defendants.

_____

REPORT AND RECOMMENDATION

The defendants, Legal Prevention Services, LLC, and Walden Asset Management, LLC, were found, by default, to have violated the Florida Consumer Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act, while attempting to collect from the plaintiffs an alleged debt (Doc. 46; see Doc. 1). Consequently, the plaintiffs were awarded damages (Doc. 48).[1] The court retained jurisdiction

---

[1]Specifically, judgment was entered for the plaintiffs and against the defendants, Legal Prevention Services, LLC ("LPS") and Walden Asset Management, LLC ("Walden"), for statutory damages of $1,000 for violations of the Fair Debt Collection Practices Act (Doc. 48, p. 2). Judgment was also entered against defendant LPS for $1,000 in statutory damages for violations of the Florida Consumer Collection Practices Act, and for $12,500 in statutory damages for violations of the Telephone Consumer Protection Act (Doc. 48, pp. 1, 2). Judgment was entered against defendant Walden for $1,000 in statutory damages for violations of the Florida Consumer

over a motion for attorneys' fees and costs (see id.). The plaintiff has filed a Motion to Tax Attorneys' Fees and Costs as to Defendants Legal Prevention Services, LLC and Walden Asset Management, LLC and Incorporated Memorandum of Law (Doc. 50). The motion was referred to me for a report and recommendation (see Dkt. Entry, 9/1/2017). Having considered the materials submitted and the governing legal standards, I recommend that the plaintiffs be awarded $3,661.75 in attorneys' fees and $425.79 in costs against defendant Walden Asset Management, LLC. I further recommend that the plaintiffs be awarded $4,476.25 in attorneys' fees and $228.28 in costs against defendant Legal Prevention Services, LLC.

I.

The plaintiffs, Elsa Castro and Nick Tosto, sued Legal Prevention Services, LLC ("LPS"), and Walden Asset Management, LLC ("Walden"), and other defendants, asserting various claims including the claims that the defendants violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection

---

Collection Practices Act, and for $4,000 in statutory damages under the Telephone Consumer Protection Act (Doc. 48, p. 2).

Act ("TCPA"), 47 U.S.C. § 227 *et seq*. The basis for the law suit was that the defendants without the plaintiffs' consent on various occasions, called the plaintiffs' cellular phones in an attempt to collect a debt from plaintiff Castro by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial pre-recorded voice (id.).

Although service was executed on the defendants, they did not answer the complaint. Consequently, on June 23, 2016, the clerk entered defaults against the defendants (Docs. 19, 21). The court awarded the plaintiffs statutory damages under the FDCPA, FCCPA, and the TCPA (Doc. 46). Thereafter, judgment was entered in favor of the plaintiffs and against the defendants with the court reserving jurisdiction over the matter of attorneys' fees and costs (Doc. 48).

The plaintiffs then timely filed this motion for attorneys' fees and costs (Doc. 50). The plaintiffs seek an award of $3,661.75 for attorneys' fees, and costs totaling $425.79 against defendant Walden (Doc. 50). The plaintiffs also seek an award of $4,476.25 for attorneys' fees, and costs totaling $228.28 against defendant LPS (Doc. 50). The motion is supported by the attorneys' time records and affidavits, and lists for costs (see Doc. 50-1). As indicated,

the motion was referred to me for a report and recommendation (see Dkt. Entry, 9/1/2017). The defendants, who were served with this motion (see Doc. 50, p. 9), have not filed a response.

II.

Plaintiffs' counsel seeks an award of attorneys' fees pursuant to the FDCPA and FCCPA (Doc. 50), which contain provisions that render a debt collector liable to a successful plaintiff for reasonable attorneys' fees and court costs. 15 U.S.C. 1692k(a)(3); Fla. Stat. § 559.77(2).[2] Based on the judgment entered in the plaintiffs' favor (Doc. 48), they are successful plaintiffs who are entitled to reasonable attorneys' fees pursuant to the FDCPA and FCCPA. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001). Thus, the only question addressed here is the amount of those fees and costs.

The FDCPA and FCCPA direct that successful plaintiffs be awarded a "reasonable" attorney's fee. The federal lodestar approach is

---

[2]Thus, the FDCPA provides that, "in the case of any successful action to enforce the [FDCPA], the [debt collector is liable to the plaintiff for the] costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. 1692k(a)(3). Similarly, the FCCPA pertinently states that "[a]ny person who fails to comply with any provision of s. 559.72 is liable for ... court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. §559.77(2).

-4-

recognized as the foundation for setting reasonable fee awards pursuant to the FDCPA and FCCPA. See Moton v. Nathan & Nathan, P.C., 297 Fed. Appx. 930, 931-32 (11th Cir. 2008); Dish Network Service L.L.C. v. Myers, 87 So.3d 72, 77 (Fla. App. 2012). This method requires the court to determine a "lodestar figure" by multiplying a reasonable hourly rate for the services of the prevailing party's attorney by the number of hours reasonably expended on the litigation. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).[3] The fee applicant bears the burden of

---

[3]With regard to the Florida statute, the Florida Supreme Court directs that the following factors, enumerated in Rule 4-1.5 of the Rules Regulating the Florida Bar, be considered in computing the lodestar amount to the extent that they are not incorporated into the lodestar (Standard Guaranty Ins. Co. v. Quanstrom, 555 So. 2d 828, 830 n.3 (Fla. 1990)):

> (1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
>
> (5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
>
> (6) The nature and length of the professional relationship with the client;
>
> (7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
>
> (8) Whether the fee is fixed or contingent....

presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303. Once the lodestar is determined, the court must consider whether an adjustment of the lodestar for the results obtained is appropriate. Moton v. Nathan & Nathan, P.C., supra, 297 Fed. Appx. at 932.

As indicated, the plaintiffs argue that the court should award them attorneys' fees of $3,661.75 against defendant Walden, and $4,476.25 in attorneys' fees against defendant LPS (Doc. 50).

A. HOURLY RATES

Federal courts must determine a reasonable hourly rate for the services of the prevailing party's attorney. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299. The fee applicant bears the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Id. at 1303. Evidence of prevailing rates for comparable services can

be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place." Id. at 1301. Furthermore, "[t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

The plaintiffs were represented in this matter by attorney Aaron M. Swift and other attorneys from the law firm of Leavengood, Dauval, Boyle & Meyer, P.A. (Doc. 50-1, p. 2). Attorney Swift was counsel that was primarily responsible for the case (id.). Swift requests fees based on hourly rates ranging from $100 to $300 (see id., pp. 13-67).

Considering my knowledge of prevailing market rates in Tampa and the specifics of this case, including the defendants' lack of opposition, a reasonable hourly rate for this case ranges from $100 to $300. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (the court is itself an expert). Indeed, taking into consideration the number of hours expended on this matter and the lack of opposition, the requested rates

are clearly reasonable. Accordingly, I recommend that counsel be awarded hourly rates ranging from $100 to $300.

### B. REASONABLENESS OF THE NUMBER OF HOURS EXPENDED

The second half of the lodestar equation requires the court to calculate the number of hours reasonably expended on the litigation. Thus, "[e]ven when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., 373 Fed. Appx. 907, 911 (11th Cir. 2010).

It is the fee applicant's burden to document adequately the hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this regard, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. Furthermore, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount

claimed." Id. at 1301. In other words, fee applicants must use billing judgment. Id.

The plaintiffs' motion seeks compensation for 139.6[4] hours of legal work performed by the law firm (Doc. 50-1). This time was spent on all facets of the litigation, including drafting pleadings and motions, communicating with the client, and post-judgment proceedings with respect to both defendants in this case.

Counsel has submitted in support of this request their contemporaneously-recorded billing records (Doc. 50-1). Further, attorney Swift has averred that the time entries are a "true and correct narrative listings of the services performed and time expended since the beginning of this action..." (id., p. 8, ¶4, p. 33, ¶4). Attorney Swift indicates that he has "reduced any work that was not exclusive to [each defendant] by three-fourth[s] to account for [each defendant's] pro-rata share of any such work" (id., p. 8, ¶6,

---

[4]Counsel indicates that 97.10 hours have been expended on the case for each defendant (Doc. 50-1, p. 2, ¶5, p. 33, ¶5). However, 97.10 hours added together equals 194.2 hours. Counsel also indicates that an additional two hours were projected to "finalize and file the Motion for Final Default Judgment, Affidavits and other pleadings necessary to obtain Final Default Judgment" (id., pp. 8-9, ¶6, p. 33, ¶6). Regardless, it appears that counsel has decreased the hours to 139.6 hours, which is not unreasonable in this case.

p. 33, ¶6). Significantly, the defendants have not challenged the hours billed by plaintiffs' counsel.

As noted by the plaintiffs, they are not entitled to attorneys' fees under the TCPA (Doc. 50, p. 5). In this respect, time spent on discrete and non-compensable claims should be reduced from a fee award. See Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996). However, when a claim which provides for the recovery of an attorney's fee is inextricably intertwined with other allegations so that the fee for the individual claims cannot be distinguished, it is permissible to award a fee for the entire litigation. See United States v. Jones, 125 F.3d 1418, 1430 (11th Cir. 1997). The plaintiffs submit that their "TCPA claims are indistinguishable from the FCCPA and FDCPA claims in terms of both hours and type of work performed in this matter" relating to the unsolicited and non-consented to phone calls placed by the defendants (Doc. 50, p. 5). It is noted that in the complaint, the plaintiffs' TCPA claim was listed as a separate and distinct claim from their FCCPA and FDCPA claims (see Doc. 1). In any event, counsel's claimed hours have not been objected to or the amount claimed. Accordingly, the court should accept the number of hours billed.

Moreover, a review of those time records does not reveal any obviously excessive or unreasonable time entries. In particular, it is noted that under Florida law, time spent seeking entitlement to fees is compensable, but litigating the amount of fees is not recoverable. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla. 1993); In re Claudia Acosta-Garriga, 2014 WL 7404122 *2 (M.D. Fla. 2014). This is a non-issue as counsel did not spend any time litigating the amount of fees to be awarded as the motion for fees is uncontested.

I therefore recommend that the plaintiffs be compensated for 139.6 hours of legal work. In sum, the recommended hourly rates multiplied by the compensable number of hours results in the following lodestar amount of $3,661.75 against defendant Walden, and $4,476.25 against defendant LPS.

After the lodestar is determined, the court must consider the necessity of an adjustment for results obtained. However, as reiterated by the U.S. Supreme Court in Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010), there is a "strong" presumption that the lodestar reflects a reasonable fee. Furthermore, that presumption is unchallenged here. Accordingly, I

recommend that the plaintiffs be awarded attorneys' fees of $3,661.75 against defendant Walden, and $4,476.25 against defendant LPS.

III.

Finally, the plaintiffs' law firm presented evidence that it incurred $425.79 in costs against defendant Walden, and $228.28 in costs against defendant LPS (Doc. 50-1). Counsel submitted evidence of those costs (see id.).

These costs are recoverable. See Larsen v. JBC Legal Group, P.C., 588 F.Supp.2d 360, 365 (E.D.N.Y. 2008) (costs awardable to a successful FDCPA plaintiff include filing fees, process servers, and postage); see also 28 U.S.C. 1920. Further, the defendants have not challenged any of the listed expenses as non-compensable. Therefore, the plaintiffs are properly reimbursed those costs. Accordingly, I recommend that the plaintiffs be awarded costs of $425.79 in costs against defendant Walden, and $228.28 in costs against defendant LPS.

IV.

For the foregoing reasons, I recommend that the Plaintiffs' Motion to Tax Attorneys' Fees and Costs as to Defendants Legal Prevention Services,

LLC and Walden Asset Management, LLC and Incorporated Memorandum of Law (Doc. 50) be granted and that the plaintiffs be awarded $3,661.75 in attorneys' fees and $425.79 in costs against defendant Walden Asset Management, LLC, and $4,476.25 in attorneys' fees and $228.28 in costs against defendant Legal Prevention Services, LLC.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 15, 2017

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.